1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JOSHUA TODD WOOLRIDGE,          ) NO. EDCV 11-2061-R (MAN)
                                    )
12            Petitioner,           )
                                    )
13       v.                         ) ORDER DISMISSING PETITION
                                    ) AS SECOND OR SUCCESSIVE
14  AREF FAKHOURY, WARDEN,          ) AND DENYING A CERTIFICATE
                                    ) OF APPEALABILITY
15            Respondent.           )
    _____)
16

17

18       Petitioner, a California state prisoner, filed a habeas petition,

19  pursuant to 28 U.S.C. § 2254, on December 28, 2011 ("Petition").  The

20  Petition is the second habeas corpus petition filed by Petitioner in

21  this Court stemming from his 1999 state court conviction and sentence.[1]

22

23       Under the Rules Governing Section 2254 Cases in the United States

24  District Courts, a habeas petition filed by a prisoner in state custody

25  "must" be summarily dismissed "[i]f it plainly appears from the petition

26  and any attached exhibits that the petitioner is not entitled to relief

27  _____

28       [1]  Petitioner has filed numerous Section 2254 habeas petitions
    related to his separate 2005 state court conviction and sentence.

in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On July 2, 2003, Petitioner filed a Section 2254 habeas petition in Case No. EDCV 03-757-GPS (MAN) (the "Prior Action").  The Prior Action petition arose out of the same 1999 state court conviction and sentence on which the present Petition is based.  The Prior Action was resolved adversely to Petitioner on the merits, and habeas relief was denied by Judgment entered on December 20, 2004.  The United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability on March 22, 2005 (Case No. 05-55102), and the Supreme Court denied certiorari on October 3, 2005.[2]

A review of the dockets for the Ninth Circuit shows that Petitioner has not obtained leave to file a second or successive Section 2254 habeas petition arising out of his 1999 conviction and sentence.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented

---

[2]   Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the Ninth Circuit dockets available electronically through the PACER system.

in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)."  <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

The instant Petition alleges a single claim.  Petitioner challenges the constitutionality of a restitution fine imposed upon him when he was sentenced pursuant to his 1999 state court conviction.  He alleges that: his 1999 state court conviction was erroneous and vindictive; the trial court acted vindictively in imposing an unduly harsh restitution fine of $800; the trial court erroneously failed to hold a restitution hearing to determine Petitioner's ability to pay a restitution fine; Petitioner has no present ability to pay the restitution fine; and the restitution fine should be dismissed.

3

By the Prior Action, Petitioner sought Section 2254 relief based on the same 1999 conviction and sentence at issue here, and his habeas petition was resolved adversely to him on its merits.  Petitioner could have raised his challenge to the validity of the 1999 imposition of the restitution fine in the Prior Action.  Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).[3]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, this Court lacks jurisdiction to consider the instant Petition.  28 U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).  Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

///
///
///
///
///
///
///
///
///
///
///

_____

[3]   The instant Petition also appears to be substantially untimely.

4

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.


IT IS SO ORDERED.


DATED: _January 6, 2012_.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE